FILED
United States Court of Appeals
Tenth Circuit

November 27, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM M. LEE,

        Petitioner-Appellant,

v.

GARY WAKINS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

No. 07-1072

D. Colorado

(D.C. No. 03-cv-00072-MSK-PAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

This matter is before the court on William M. Lee's *pro se* request for a certificate of appealability ("COA"). Lee seeks a COA so he can appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Lee has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Following a jury trial, Lee was convicted in Colorado state court of first-degree extreme-indifference murder, three counts of attempted first-degree

murder, second-degree assault, conspiracy to commit first-degree assault, and conspiracy to commit menacing. As set out at length in both the magistrate judge's Report and Recommendation and the district court's Order, the events underlying Lee's convictions arose out of a gun battle, initiated by Lee and his brother Brian, between the "Gangsters of Love" and "Crips" street gangs. The nine-year procedural history of this case in state court is both lengthy and complex, including a trial, direct appeal, and two Colorado state actions for post-conviction relief occurring over a nine-year period. Because that history is thoroughly recounted and reviewed in both the Report and Recommendation and the district court's Order, it will not be repeated here. Suffice to say that after he failed, for the most part, to obtain relief from the Colorado courts, both on direct appeal and in the two post-conviction actions, Lee filed the instant § 2254 habeas corpus petition raising the following claims for relief: (1) the trial court's refusal to grant a mistrial after the mid-trial disappearance of a prosecution witness violated his Fifth Amendment right to due process and Sixth Amendment right to confrontation; (2) the trial court's refusal to read to the jury a note written to the court by the missing witness violated his Fifth Amendment right to due process and Sixth Amendment right to confrontation; (3) trial counsel rendered constitutionally ineffective assistance in tendering a "flawed" theory-of-the-case instruction; (4) he was denied his Fifth and Sixth Amendment rights when his attorney failed to request that he be present for the charging conference; (5) the

-2-

trial court's erroneous complicity instruction rendered the trial fundamentally unfair in violation of the Due Process Clause; (6) the jury's inconsistent verdicts on murder and conspiracy to commit murder violated his right to due process; and (7) his convictions were not supported by sufficient evidence.

In an exhaustive Report and Recommendation, the magistrate judge recommended that Lee's § 2254 petition be denied. The magistrate judge first concluded Lee had failed to exhaust the following claims because he had not properly raised them in his state court proceedings: (1) his claim relating to his presence at the charging conference; (2) his claim relating to inconsistent jury verdicts; and (3) all aspects of his sufficiency-of-the-evidence claims excepting the claim his first-degree murder conviction was not supported by sufficient evidence. The magistrate further concluded, however, that these claims were subject to an anticipatory procedural bar because if raised in state court at this late date the Colorado courts would hold the claims procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *People v. Rodriguez*, 914 P.2d 230, 253-54 & nn. 20, 22 (Colo. 1996). The magistrate judge then recommended resolving the remainder of Lee's claims on the merits on the basis that the Colorado courts' resolutions of the claims were not contrary to clearly established Supreme Court precedent, based on an unreasonable application of such precedent, or based on a clearly unreasonable finding of fact. 28 U.S.C. §

2254(d).  In an equally thorough and well-stated Order, the district court adopted the Report and Recommendation and denied Lee's § 2254 petition.

To be entitled to a COA, Lee must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Lee has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Lee need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a rigorous review of Lee's application for a COA and appellate filings, the district court's Order, the magistrate judge's Report and Recommendation, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Lee is not entitled to a COA.  The district court's thorough and well-stated resolution of Lee's § 2254 petition is not reasonably subject to debate and the issues Lee seeks to raise on appeal are not adequate to deserve further proceedings.  Accordingly,

-4-

for those reasons set out in both the district court's Order and the magistrate judge's Report and Recommendation, this court **DENIES** Lee's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk